Argued and submitted January 30; attorney fees awarded under ORS 742.061(1) reversed, otherwise affirmed March 15; petition for review denied June 29, 2017 (361 Or 645)

Kathryn A. McCLAIN,
fka Kathryn O'Neil,
*Plaintiff-Respondent,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Defendant-Appellant.*

Deschutes County Circuit Court
12CV0516; A158617

392 P3d 829

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Timothy J. Helfrich argued the cause for respondent. With him on the brief was Yturri Rose LLP.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Safeco Insurance Company (Safeco) appeals from a judgment that awarded plaintiff recovery of her attorney fees under ORS 742.061. Safeco had sent her a timely letter offering to arbitrate the issues of fault and damages in her underinsured motorist claim. Under those circumstances, Safeco contends that attorney fees are not recoverable because the "safe harbor" exception of ORS 742.061(3) governs. We agree, reverse, and remand.

Plaintiff was injured in an auto accident with another motorist, and the liability insurer for that motorist paid its policy limit to plaintiff. In the meantime, plaintiff notified Safeco of the prospect of a claim for underinsured motorist benefit. In response, Safeco sent plaintiff a letter in which Safeco accepted coverage and offered to arbitrate the claim. The letter advised that the only issues in arbitration would be the liability of the underinsured motorist and the damages due plaintiff.[1] Plaintiff chose instead to litigate her claim in court. Safeco admitted the fault of the other motorist and that plaintiff was injured; the only dispute was the extent of the injury or amount of damages due. The jury found her damages to be $261,214, and, having prevailed, plaintiff sought attorney fees under ORS 742.061(1). Plaintiff argued that the "safe harbor" letter was ineffective because Safeco had interjected an additional issue of causation of damages. Plaintiff argued that causation was not one of the two permissible issues of "damages" or the "liability" of the underinsured motorist. The trial court agreed and allowed a supplemental judgment awarding $162,757.50 in attorney fees under ORS 742.061(1). The court also awarded $4,770 in attorney fees and expenses under ORCP 45 and ORCP 46 C, which is not at issue on appeal.

---

[1] Because the exchange occurred before the liability limit of the other motorist was known, Safeco's letter included among the remaining issues the "underlying coverage limit." That limit was later learned and never actually disputed. Plaintiff has not contended that reference to the temporary uncertainty of that limit added an impermissible issue and rendered Safeco's letter ineffective. *See Robinson v. Tri-Met*, 277 Or App 60, 67-68, 370 P3d 864 (2016) (a defense that was never disputed was a nonissue and did not create an impermissible issue that would render a "safe-harbor" letter ineffective).

The trial court erred in awarding fees under ORS 742.061(1) because a dispute over the extent of damages caused is a dispute within the scope of permissible issues of liability or damages as provided by ORS 742.061(3). *Spearman v. Progressive Classic Ins. Co.*, 276 Or App 114, 116, 120, 128, 366 P3d 821, *rev allowed*, 359 Or 847 (2016) (where some damages were admitted and others disputed). Indeed, the possibility of "zero dollars" as a factual matter or as a result of a failure of proof is an "ordinary and permissible determination of damages due in [an uninsured motorist] claim." *Robinson v. Tri-Met*, 277 Or App 60, 68-69, 370 P3d 864 (2016). Although we do not disturb the particular award of attorney fees or expenses under ORCP 46 C, we must reverse the award of attorney fees under ORS 742.061(1).

Attorney fees awarded under ORS 742.061(1) reversed; otherwise affirmed.